[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION re APPOINTMENT OF ATTORNEY FOR MINOR CHILDREN (#124)
CT Page 3416
The administrator of the estate of John F. Ott has moved for appointment of an attorney on behalf of the minor children of Annette Ott and John F. Ott.
In 1997, the plaintiff Annette Ott commenced this action for dissolution of marriage, alimony, custody, child support, assignment of a portion of the defendant John F. Ott's estate pursuant to General Statutes § 46b-8 1, transfer of interest in real property, counsel fees and an order for the defendant to provide security and satisfaction of any judgment. On March 24, 1998, the court, Harrigan, J., granted dissolution of the marriage and awarded sole custody of the parties' three minor children to the plaintiff. However, the case was bifurcated and the court did not make any financial orders. The defendant died in early 1999, prior to the determination of those issues. On October 7, 1999, the court, Harrigan, J., granted the motion of the administrator of the defendant's estate (administrator) to be substituted as a party defendant in the proceedings. Thereafter, the administrator filed a motion for the appointment of an attorney for the defendant's three minor children pursuant to General Statutes § 46b-54.[1] The plaintiff filed a memorandum in opposition to the motion.
This court holds that it has the discretion to appoint an attorney for the minor children pursuant to General Statutes § 46b-54(a) at any time after the return date if it is in the best interest of the child. See Richardson v. Richardson,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318990 (September 23, 1996, Bassick, J.). However, no case has been made for such appointment. This court sees no purpose in an appointment of an attorney for the minor children because the plaintiff is the mother of the children and will be their guardian pursuant to General Statutes § 45a-606,[2]
the defendant father is deceased, and there is no issue of support before this court. The issue remaining in this action is the division of the marital property, whereas the minor children's interest is in the defendant's interest in the marital estate after that interest is determined. Therefore, the administrator's motion for appointment of counsel for the minor children is denied.
So ordered. CT Page 3417